IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| RUBY CHANCEY, as personal representative of the estate of James L. Chancey, deceased,  )<br>)<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>UNITED STATES OF AMERICA,  )<br>)<br>Defendant.  ) | CIVIL ACTION NO.<br>1:13cv604-MHT<br>(WO) |

OPINION AND ORDER

This cause is before the court on plaintiff Ruby Chancey's motion to reinstate her case. Chancey first named Dr. Richard L. Bendinger as a defendant in an Alabama state court, alleging medical malpractice and wrongful death in tort. She alleged that her husband died as a result of Bendinger's alleged breach of care. Because Bendinger was deemed a Public Health Service employee under 42 U.S.C. § 233(g) and a federal employee for the purposes of the Federal Tort Claims

Act (FTCA), 28 U.S.C §§ 2671-2680, the United States substituted itself as party defendant for Bendinger and removed the case to federal court pursuant to 28 U.S.C §§ 2679(d)(2) and 1346(b)(1) and 42 U.S.C. § 233.

The government simultaneously moved to dismiss Chancey's claims for lack of subject-matter jurisdiction.  The government argued, and Chancey did not dispute, that Chancey had failed to exhaust her administrative remedies, a required prerequisite for any FTCA claim.  See 28 U.S.C. § 2675(a).  This court granted the government's motion, dismissed the case without prejudice, and closed the case.

Chancey then filed an administrative-tort claim with the Department of Health and Human Services, and the claim was denied.  For the purposes of her FTCA claim, this denial was final, and her administrative remedies were now exhausted.  Chancey can bring her claim to federal court in accordance with 28 U.S.C. § 2675(a).

Chancey has now filed a motion to reinstate her case in this court. She seeks to reinstate her old case, rather than file a new case, because "the only thing that would change is that another filing fee would be paid by the Plaintiff." Plf. Brief (doc. no. 12), at 2. She makes two arguments in support of her motion: first, that the court's previous judgment was not final; and, second, that interests of judicial economy weigh against filing a new case. The government opposes the motion. For the reasons discussed below, Chancey's reinstatement motion will be denied.

The FTCA is a "specific, congressional exception to the general rule of sovereign immunity. It allows the government to be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government." Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994). Because "[s]overeign immunity can be waived only by the sovereign, ... the circumstances of its waiver must be

scrupulously observed, and not expanded, by the courts." Id.

Under 28 U.S.C. § 2675(a), a federal court "may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency." Id.; see also McNeil v. United States, 508 U.S. 106, 107 (1993) ("The Federal Tort Claims Act (FTCA) provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies.") (citing 28 U.S.C. § 2675(a)).  Section 2675 "is more than a mere statement of procedural niceties.  It requires that jurisdiction must exist at the time the complaint is filed."  Gregory v. Mitchell, 634 F.2d 199, 204 (5th Cir. Jan. 1981).[1]   Because this court lacked

---

1. The Eleventh Circuit has adopted as precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981. See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

subject-matter jurisdiction over the suit when it was first removed to federal court, it was properly dismissed. See Turner v. United States, 514 F.3d 1194, 1200 (11th Cir. 2008) ("Because the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies, the district court lacks subject matter jurisdiction over prematurely filed suits."); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Therefore, the court is not able to 'reinstate' the case, as Chancey requests, because the court never had subject-matter jurisdiction over the suit in the first place, nor did it retain jurisdiction while Chancey pursued her administrative claims.[2]  Exhausting her

---

2. While at one time a circuit split existed as to whether a prematurely filed FTCA claim may proceed in the same case after administrative remedies were exhausted, former Fifth Circuit precedent was clear that administrative exhaustion is a "jurisdictional (continued...)

administrative remedies does not cure the jurisdictional defect, because the court never had, and still does not have, power to hear the case. "[L]ower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction, and once a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." Morrison v. Allstate Indemnity Co., 228 F.3d 1255, 1261 (11th Cir. 2000). Exhausting her administrative remedies does not create jurisdiction in this court; rather, it means that Chancey is not precluded from filing her claim in

---

prerequisite" and that district courts were not "allow[ed]... to stay or hold in abeyance" the claim pending exhaustion. Gregory, 634 F.2d at 204.

    The Supreme Court resolved the split in McNeil, holding that suits are "properly dismissed" when they are filed in federal court prior to administrative exhaustion. See McNeil, 508 U.S. at 110 (affirming dismissal of an FTCA claim that had been prematurely filed because, as the circuit court explained, "the suit did not linger" while the plaintiff exhausted his administrative remedies).

6

federal court generally.

Moreover, even if the court did retain jurisdiction over the case, Chancey does not meet the procedural requirements to reopen the case. The court's previous judgment was final, and the case was closed. See Catlin v. United States, 324 U.S. 229, 233 (1945) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."). While parties can move for relief from a final judgment pursuant to Federal Rule of Civil Procedure 60(b), Chancey's request does not warrant relief under that rule.

Rule 60(b) sets out several circumstances in which a court may relieve a party from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of the opposing party; (4) the judgment is void; (5) the judgment has been satisfied, reversed, or applying it prospectively is no longer equitable; or (6) any other reason that

7

justifies relief.  Fed. R. Civ. P. 60(b).  Because provisions (1)-(5) do not apply here, Chancey's relief must be sought pursuant to Rule 60(b)(6).  However, Chancey's basis for relief--to avoid paying the filing fee--is not sufficient to overcome the high bar set for that provision within the Eleventh Circuit.  <u>See Griffin v. Swim-Tech Corp.</u>, 722 F.2d 677, 680 (11th Cir. 1984) ("[R]elief under [Rule 60(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.  The party seeking relief has the burden of showing that absent such relief, an extreme and unexpected hardship will result.") (internal citations omitted).

Therefore, because the court does not have jurisdiction over the case and because there would be no procedural ground on which the court could reopen the case even if it did retain jurisdiction, Chancey's motion to reinstate must be denied.  Chancey must, instead, begin a "fresh suit."  <u>McNeil v. United States</u>, 508 U.S. at 110 (citing lower court).  To the

extent that Chancey cannot pay the new filing fee, she can seek leave to proceed in forma pauperis by filing a motion to that effect along with her new complaint, and attaching the sworn affidavit provided by the clerk of court. See, e.g., Form AO 240, "Application to Proceed in District Court without Prepaying Fees or Costs" (www.almd.uscourts.gov/forms/generic_complaint_format.pdf) at 4-5.

* * *

Accordingly, it is ORDERED that plaintiff Ruby Chancey's motion to reinstate case to active docket (doc. no. 10) is denied.

DONE, this the 31st day of December, 2014.

                                              /s/ Myron H. Thompson
                                         UNITED STATES DISTRICT JUDGE